JENNESS v. AMBLER & a.

An heir who refuses to join in an appeal from a probate decree allowing a will, is not entitled to a share of a sum received by the appellants on a compromise of the litigation.

IN EQUITY. Facts found by the court.

*Barnard & Barnard*, for the plaintiff.

*Frink & Batchelder* and *J. Hatch*, for the defendants.

CARPENTER, J. This is in substance a bill in equity to enforce the specific performance of a contract by the administrator with the will annexed, of the estate of Betsey Whitehouse. The plaintiff is a sister of the testatrix and a devisee. The defendants, excepting the administrator, are heirs-at-law and legatees. The testatrix gave by her will the principal part of her estate to the Home Missionary Society. From the probate of the will in common form the defendants took an appeal, in which the plaintiff had opportunity, but refused to join. She desired that the provisions of the will should be carried into effect, although it was largely for her pecuniary interest that the will should be set aside. Pending the appeal, the defendants, at a meeting had for the purpose of reaching a settlement by which litigation might be avoided, and at which the plaintiff, though not personally present, was represented by J. J. Cilley, executed an agreement as follows :

" This witnesseth, that the undersigned, heirs-at-law of Betsey Whitehouse, late of Pembroke, N. H., deceased, and devisees and legatees under an instrument purporting to be her last will, for the purpose of adjusting and settling the various claims of the parties claiming rights and interests in said estate and under said

will, and of facilitating a final settlement of said estate, do hereby mutually agree as follows: That Josiah Minot, John S. H. Frink, and Daniel Barnard be, and they hereby are, made a committee and agents of the undersigned respectively, with full power and authority to make and conclude adjustments and settlements with the Missionary Society, and all such other parties except the undersigned as may have any interest in or claim to said estate or parts thereof, either as heirs-at-law, devisees, or legatees, or otherwise, as to the amounts which shall be allowed and paid to said society and other parties respectively, in full satisfaction of all their said interests and claims, and upon such terms and conditions as our said agents may deem proper; provided, however, that the total amount to be allowed and paid shall not exceed the sum of $120,000.00, and that the residue of said estate, after the payment of the amounts allowed as aforesaid and of all proper charges and expenses in the premises, shall be divided and distributed among us, the undersigned, in the proportions specified against our respective signatures hereto, in full discharge of our respective interests in and rights to said estate, and in full settlement of said estate. And further, that the administration of said estate and the disposition thereof shall be made according to the provisions of this agreement, and our said committee and agents shall have full power and authority to adopt such measures and to do such acts and things as they may deem advisable to carry into effect the provisions of this agreement, and to accomplish the full and final settlement of said estate as herein contemplated and provided. The several claimants outside of ourselves, whose several interests and claims are to be adjusted and settled by the allowances and payments not exceeding $120,000.00, are these—the Home or New Hampshire Missionary Society, Matilda P. Jenness " (the plaintiff), and ten others.

This agreement was not signed by the plaintiff, or by Cilley, her representative at the meeting, in her behalf. She was opposed to its execution, and to any arrangement except that the will be executed according to its terms; but if the will was to be disregarded or set aside, she claimed to receive her proportionate share in the residue of the estate mentioned in the agreement. Cilley, who was himself interested in the estate as a legatee and one of the heirs-at-law, refused to sign the agreement except upon the understanding that the committee should award and pay to the plaintiff $10,000 at least in addition to the devise made to her in the will. When he signed it he made a statement to that effect, to which no reply was made. Some of the subscribers were not present. Cilley understood that those present consented to the payment of $10,000 to the plaintiff; a majority of them understood that the matter of paying her anything beyond the property devised to her was left to the determination of the committee as provided in the agreement. The committee effected

a compromise with the Missionary Society, and took a conveyance and assignment of all its rights and interests under the will in trust for the benefit of the subscribers to the agreement, all of whom are defendants. The decree of the judge of probate approving and allowing the will was subsequently affirmed by agreement of the parties. The committee differed as to the propriety of allowing the, plaintiff anything beyond what the will gave her, and before they came to a conclusion a majority of the defendants revoked their authority.

The plaintiff fails to establish the contract which she seeks to enforce. If she had been a party to the written agreement, she could claim by virtue of its provisions such sum only as the committee should award, and they awarded nothing. The parol evidence, tending to show that at the time or before the agreement was executed the defendants stipulated that the committee should award and pay the plaintiff $10,000 or any other sum in addition to what she was entitled to by the terms of the will, if competent for the purpose of modifying or affecting the terms of the agreement, is not sufficient to prove the contract upon which the plaintiff relies. It is found as a fact that a majority of the subscribers did not assent to Cilley's proposition. There is no estoppel. There is no evidence and no suggestion that the plaintiff's action was affected by anything which was done. To her it was a matter of indifference whether Cilley in his own behalf did or did not sign the agreement to which she was not a party, and by which her rights could not be affected. His signing was apparently no disadvantage to himself, and no advantage to the other defendants. Had he refused to sign he would have been one of the parties with whom the committee were required to settle. He would have lost, and the other defendants would have gained, his proportion of the benefit derived from the settlement made by the committee with the society. He could not by an act enuring only to his benefit create an estoppel in his own favor, much less in that of the plaintiff, a stranger to the transaction.

There is no equity in the plaintiff's claim. She declined to join in the appeal, or in the agreement; she opposed both, and she paid no part of the expenses. If the appeal prevailed, she would be entitled to her full distributive share, much larger than her devise. If it failed, she would still receive all that was given her by the will, and in neither event was chargeable with any part of the expenses. Negotiations under the written agreement might be attended with large costs, and whatever the result she was liable for no part of them. It would be inequitable to permit her to enjoy the benefits of proceedings in which she had opportunity but refused to join, and for the charges of which she was not responsible.

In the appeal and in the settlement the defendants were alone interested. In the absence of fraud they might abandon the

appeal upon such terms as they saw fit. They might adjust the controversy by a purchase of the rights of legatees interested in upholding the will, or in any other manner which they thought for their advantage. *Lyme* v. *Allen*, 51 N. H. 242.

*Decree for the defendants.*

ALLEN, J., did not sit: the others concurred.